UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SENATOR AMANDA F. CHASE

        Plaintiff

vs                                                    Case No: _____

**SENATE OF VIRGINIA** by and through

The Honorable Justin Fairfax, Lt. Gov of Virginia

and President of the Senate of Virginia

-and-

**The Honorable SUSAN CLARKE SCHAAR**

Principal Contact of the Virginia Senate and

Clerk of the Senate

                            DEFENDANTS

                                                  **Civil Rights Complaint**

                                                  **42 U.S.C. § 1983: FIRST &
FOURTEENTH AMENDMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, AMANDA F. CHASE and files this Complaint and

respectfully shows:

## INTRODUCTION

The Plaintiff seeks redress related to the public censure issued against her as a Virginia State Senator. This case seeks declaration of rights of the parties as well as a determination of the constitutional limits of absolute legislative immunity from judicial intervention when there is established intentional, knowingly and deliberate violations offending the First and Fourteenth Amendments of the United States Constitution as well as a total disregard to follow its own due process rules in issuing the censure. Absolute legislative immunity may be narrowly waived to the extent necessary for a Court to redress clear constitutional violations of a legislative body. Justice Souter opined that a bypass absolute immunity could exist in his dissent opinion in Nixon v. United States, 506 US 224 (1993):

> *One can, nevertheless, envision different and unusual circumstances that might justify a more searching review of impeachment proceedings. If the Senate were to act in a manner seriously threatening the integrity of its results, convicting, say, upon a coin-toss, or upon a summary determination that an officer of the United States was simply " 'a bad guy,' " ante, at \_\_\_\_ (WHITE, J., concurring in judgment), judicial interference might well be appropriate. In such circumstances, the Senate's action might be so far*

*beyond the scope of its constitutional authority, and the consequent impact on the Republic so great, as to merit a judicial response despite the prudential concerns that would ordinarily counsel silence.*

### I. Parties

1. **PLAINTIFF, SENATOR AMANDA F. CHASE,** is a natural person and duly elected Senator of the Eleventh Senatorial District in the Commonwealth of Virginia and has served in this position since 2016, having been re-elected in 2019 for an additional four-year term.

2. **DEFENDANT, SENATE OF VIRGINIA,** is the upper house of the Virginia General Assembly organized under Article Four of the Virginia Constitution. The Senate is comprised of 40 senators representing an approximately equal number of single-member constituent districts. The Honorable Justin Fairfax is the President of the Senate and also referred to in many circumstances as the Chair.

3. **DEFENDANT, THE HONORABLE SUSAN CLARKE SCHAAR, CLERK OF THE SENATE OF VIRGINIA** is named in her official capacity as the principal contact of the Virginia Senate located at 1000 Bank Street, Richmond Virginia. The Clerk maintains an official public record journal of proceedings of the Senate of Virginia.

### II. Venue, Jurisdiction and Standing

4. Venue is proper in Richmond, Virginia as the Senate of Virginia conducts its official governmental duties in Richmond, Virginia and the facts and circumstances contained in this Complaint occurred in the City of Richmond, Virginia. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law under the First and Fourteenth Amendments. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

5. The Plaintiff has standing in this matter as the Plaintiff has 1) suffered a real injury, 2) that is not hypothetical or conjectural, and 3) that can be remedied or redressed by this Court. To-wit:

   a. The Plaintiff has received a public censure from the Virginia Senate for speech and expression that is protected under the United States Constitution, namely free speech and political expression. The Virginia Senate has demoted the seniority of the Plaintiff before the Virginia Senate and has caused intentional mental anguish from the public censure that has been broadcast nationally.

   b. The issuance of a censure, issued by the Virginia Senate, was unlawful and contrary to Plaintiff's Constitutional rights.

   c. This Court can provide redress the harm to the Plaintiff by

declaring rights of the parties, issuing injunctive relief regarding the censure and expungement of the censure to the Plaintiff.

### III.   Statement of Facts

6.   On or about January 13, 2021, a member of the Virginia Senate filed Senate Resolution 91 ("SR91"), a resolution expressing the censure of the Senate against the Plaintiff. A copy of SR91 is attached hereto and referred herein as the "Original Censure."

7.   The authority of the Senate to impose discipline of its members for "disorderly behavior" is found in Article Four, Section Seven of the Virginia Constitution.

8.   Disorderly behavior has never been defined by any Court, rule or statute in the Commonwealth of Virginia.

9.   In the history of the Commonwealth, only one Senator has been censured in the Virginia Senate which occurred in 1987 when Senator Babalas, following criminal charges of conflict of interest, was censured for violation of Senate Rules.[1]

---

[1] Notably, even in such an extreme situation of clear conflict of interest, the Senate did not demote the seniority as is being requested in this censure.

10. In all reported cases of censures of state elected officials in the nation, none have been based solely on the speech of an elected official. [2]

11. The Original Censure, which entirely referenced the Plaintiff's involvement in a political rally on January 6, 2021 and public comments made thereafter, was referred to the Privileges and Elections Committee, a subdivision of the Virginia Senate on January 13, 2021.

12. The Virginia Senate operates under published and defined rules called Rules of the Virginia Senate. Senate Rule 18(h) and 53(b) (text is the same for both rules) relates to the established and published procedures for censures of members and states[3]:

> 53 (b). Whenever the Clerk receives a report of the Senate Ethics Advisory Panel or a resolution seeking the reprimand, censure, or expulsion of a Senator, the report shall be referred forthwith to the Committee on Privileges and Elections. The Committee shall consider the matter, conduct such hearings as it shall deem necessary, and, in all cases report its determination of the matter, together with its recommendations and reasons for its resolves, to the Senate. If the Committee deems disciplinary action warranted, it shall report a resolution offered by a member of the Committee to express such action. Any such resolution reported by the Committee shall be a privileged matter. The Senate as a whole shall then consider the resolution, and, by recorded vote, either defeat the resolution or take one or more of the following actions: (i) reprimand the Senator with a majority vote of the Senators present and voting; (ii) censure the Senator and place the Senator last in seniority with a majority vote of the elected

---

[2] https://www.ncsl.org/documents/legismgt/ILP/96Tab6Pt1.pdf
[3] https://virginiageneralassembly.gov/membersAndSession.php?secid=1&activesec=0#!hb=1&mainContentTabs=5&content=5,includes/contentTemplate.php%3Ftid%3D43%26ctype%3Db%26cid%3D59

membership of the Senate; (iii) expel the Senator with a two-thirds vote of the elected membership of the Senate; or (iv) refer the matter to the Attorney General for appropriate action with a majority vote of the Senators present and voting, in the event the Senate finds a knowing violation of § 30-108 or subsection C of § 30-110 of the Code of Virginia.

13. The Privileges and Elections Committee conducted a minimal hearing into the allegations of the Original Censure on January 19, 2021. Plaintiff was not advised nor afforded the right to be represented by counsel at the committee meeting. By a majority vote, the Privileges and Elections Committee reported the Original Censure to the floor of the Senate on January 19, 2021.

14. Under Senate rules, a bill or resolution must be read three times before being decided by the Senate.

15. On January 25, 2021, the Senate members considered the Original Censure for the first time.

16. On January 26, 2021, the Senate members considered the Original Censure for the second time at which time a member of the Senate who was the Patron of the Original Censure, offered a substitute censure on the floor of the Senate. A copy of the substitute censure is attached herein and is referred hereafter a "Substitute Censure."

17. The Substitute Censure complained of substantially broader allegations of

disorderly behavior against the Plaintiff than were contained in the Original Censure, including conduct dating as far back as 2019, prior to Plaintiff's re-election.

**18.** The Substitute Censure was not referred to any committees for investigation, including the Privileges and Elections Committee as required by Senate Rules.

**19.** On January 27, 2021, one day after the Substitute Censure was filed for consideration, and prior to the vote to approve the Substitute Censure, the President of the Senate ruled that the Substitute Censure did not comply with Senate Rules 18(h) and 53(b) which requires that the Privileges and Elections Committee consider the matter with regard to censure stating:

    a.   "And in light of the argument of the Senator from Bedford, Senator Newman's argument that each of the matters contained in the censure resolution must be investigated; the facts must be established; the conclusions and resolutions of the Privileges and Elections Committee must then be reported out to the Senate as a whole; Chair rules that Senate Resolution 91 is not properly before

the body"[4]

20. On January 27, 2021, one day after the filing of the Substitute Censure, a majority of the Senators, over the objection of the Plaintiff, approved the Substitute Censure.[5]

21. In addition to the public censure of the Plaintiff, which caused substantial mental anguish, tarnished reputation, Plaintiff additionally suffered a loss of Senate seniority and was demoted to a rank equivalent to that of a newly elected Senator.[6]

22. The Plaintiff is a current candidate for Governor of Virginia. The censure not only effects the Plaintiff in her official capacity as an elected Senator but also is a public rebuke of the character of the Plaintiff by the one-half of the legislative body in Virginia. Such a rebuke has negatively impacted the Plaintiff in her canidacy for higher elected office.[7]

23. Imposing discipline for disorderly behavior is authorized pursuant to the Virginia Constitution and warrants legislative immunity when due process and

---

[4] The decision of the President of the Senate was overruled by 29-8 vote and the matter proceeded to vote as stated in the next paragraph of this complaint. The video of these proceedings can be found at virginia-senate.granicus.com January 27, 2021– Session 12:00m at 2:50:50 of the video.

[5] The substitute censure was not read three times before being voted on by the Senate.

[6] While not contained in the body of the censure, the Plaintiff was recently removed from her only committee assignment by separate vote related to the conduct contained in the Original Censure. The Plaintiff is the only member of the 40-member Senate without any committee assignments. Loss of seniority effects many aspects such as priority of committee assignments.

[7] Some of the charged conduct occurred years ago and is only now being brought up due for the purpose to maximize the detrimental political impact of the censure on the political career of the Plaintiff.

rules are observed.

24.     Established rules must be followed to afford Due Process to Senators facing censure.

25.     When imposing censure the censure should be limited to matters related to maintaining decorum in the Senate, combating uncivil behavior in the course of legislative work or to address conduct of criminal matters, ethics violations or conflicts of interest of Senators.

26.     Judicial constraint on absolute legislative immunity may be imposed when a public censure is based on the expression of views on policy or in circumstances where legislators express themselves regarding matters of current public importance.[8]

27.     Judicial constraint on legislative immunity may also be imposed when a legislative body intentionally and knowingly disregards its own rules and established procedures issuing censures against an elected official.[9]

28.     The Substitute Censure involved protected political speech that occurred and arose through Plaintiff's representation of her constituents; none of the

---

[8] Whitener v. McWatters, 112 F.3d 740; Bond v. Floyd, 385 U.S. 116, 135–36 (1966) ("The manifest function of the First Amendment in a representative government requires that legislators be given the widest latitude to express their views on issues of policy.
[9] Wilson v. Houston Community College System, 955 F.3d 490 (5th Cir. 2020)

censured speech constituted uncivil behavior in the body that threatened decorum within the Senate.

29. The Plaintiff suffers public embarrassment, humiliation, mental anguish and loss of seniority as a result of the issuance of the Substitute Censure and ancillary to the censure has been removed from her sole committee assignment.

30. There is no remedy afforded the Plaintiff under Virginia State law to seek redress from the allegations contained herein nor does any redress exist for relief of the procedural violations referenced herein.

## IV. Incorporation by Reference

31. Plaintiff hereby incorporates adopts by reference Exhibit 1 and Exhibit 2 into each part of Plaintiff's Complaint.

## V. Causes of Action

**Cause of Action 1 – Declaratory Relief and Injunctive Relief First and Fourteenth Amendments**

32. Plaintiff hereby seeks declaratory judgment and injunctive relief pursuant to 42 USC §1983, the First and Fourteenth Amendments of the United States Constitution in accordance with the facts stated herein.

33. Plaintiff maintained a First Amendment Right of Free Speech related to each and every allegation contained in the Original Censure and Substitute

Censure. Plaintiff requests a judicial declaration that the stated conduct of the Substitute Censure is protected by the First Amendment of the United States Constitution as political free speech and political expression.

34. Plaintiff seeks a judicial declaration that the stated conduct of Plaintiff, complained of in the Substitute Censure consists of Constitutionally protected political free speech, is not sanctionable as "disorderly behavior" pursuant to Article Four Section Seven of the Virginia Constitution.

35. Plaintiff seeks a judicial declaration that the Virginia Senate violated the Due Process Rights of the Plaintiff as afforded under the Fourteenth Amendment of the United States Constitution, as outlined in the National Conference of State Legislators Basic Elements of a Fair Disciplinary hearing to-wit:[10]

a. The charges of the Substitute Censure were announced on the floor of the Senate in writing within a twenty-four (24) hour window of the approval of the Substitute Censure by the Defendant.

b. A confidential, preliminary investigation was never conducted by the Privileges and Elections Committee regarding the allegations contained in the Substitute Censure prior to the commencement of the public proceedings and

---

[10] https://www.ncsl.org/documents/legismgt/ILP/96Tab6Pt1.pdf

    floor approval.

    c.    The Plaintiff was never advised, offered or afforded the right to counsel prior to any investigation hearings regarding the Substitute Censure.

    d.    No witnesses, testimony or other evidence were presented to the body or an investigation committee.

    e.    A reasonable period of time did not pass prior to the announcement of the uninvestigated allegations of the Substitute Censure and before the members of the Virginia Senate voted to approve the Substitute Censure.

36. Plaintiff seeks a judicial determination that Defendant violated Plaintiff's rights under 42 USC §1983 by issuing the Substitute Censure is in violation of the Equal Protection clause of the Fourteenth Amendment of the United States Constitution.

37. This censure of Plaintiff violated the Equal Protection Clause of the Fourteenth Amendment as the Plaintiff is being singled out and selectively penalized for taking unpopular political positions that the majority of the members of the Virginia Senate disagree with.

38. The Plaintiff seeks judicial determination that the majority of the voting members of the Virginia Senate violated Plaintiff's rights under 42 USC §1983 by issuing

the Substitute Censure against the Plaintiff by failing to refer the Substitute Censure to the Privileges and Elections Committee prior to advancing the resolution for approval.

39. Deliberate and intentional violation of established rules and protocols regarding public censure violates the Due Process clause of the Fourteenth Amendment of the United States Constitution.

### VI.    Conditions Precedent

40. The Plaintiff has either exhausted her state law remedies, or state law remedies of insufficient to redress the harm caused to Plaintiff. All acts necessary to bringing this lawsuit have either occurred or have been performed.

### VII.    Prayer for Relief

Wherefor Plaintiff requests this Court:

a. The issuance of a temporary and permanent injunction against the Defendant Susan Clarke Schaar from allowing the publication of SR91 in the official journal of the Virginia Senate pending the outcome of this case.

b. Issue a declaratory judgment that the Censure of Plaintiff violated Plaintiff's First Amendment rights under the United States Constitution;

c. Issue a declaratory judgment that the Plaintiff did not engage in Disorderly

Behavior pursuant to Article Four Section 7 of the Virginia Constitution;

d. Order the Defendant, The Honorable Susan Clarke Schaar to expunge the Substitute Censure and the Original Censure from the Public record and the official journal of the Senate;

e. Order the Defendant The Honorable Susan Clarke Schaar to reinstate the Plaintiff's seniority rank existing prior to the issuance of SR91;

f. Provide a speedy hearing to determine the rights of the Plaintiff pursuant to FRCP 57; and

g. Grant an award of attorney fees and costs, as well as any other such relief as this Court may deem appropriate.

Respectfully Submitted,

Amanda F. Chase

By: __/s/_____
       Counsel

Timothy Anderson
Anderson & Associates PC
2492 North Landing Rd 104
Virginia Beach VA 23456
757-301-3636 Tel
VSB 43803
timanderson@virginialawoffice.com

15